Todd M. Friedman, Cal. Bar No. 216752
tfriedman@attorneysforconsumers.com
Suren N. Weerasuriya, Cal. Bar No. 278521
sweerasuriya@attorneysforconsumers.com
Adrian R. Bacon, Cal. Bar No. 280332
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Drive, #725
Beverly Hills, California 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Susan Harvey, | ) **Case No.** |
| | ) |
| Plaintiffs, | ) **COMPLAINT** |
| | ) **1. Violation of Electronic Funds** |
| v. | ) **Transfer Act** |
| | ) **2. Violation of California Unfair** |
| Google Inc. , and Does 1-20, inclusive, | ) **Competition Law (Cal. Bus. &** |
| | ) **Prof. Code §§17200)** |
| | ) **3. Negligence** |
| | ) **4. Negligence Per Se** |
| | ) **5. Invasion of Privacy** |
| Defendant(s). | ) **6. Violation of California Data** |
| | ) **Breach Act** |
| | ) |
| | ) |
| | ) **Demand for Jury Trial** |
| | ) |
| | ) |
| _____ | ) |

**1**
**COMPLAINT**

**INTRODUCTION**

1. Susan Harvey ("Plaintiff") brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Google Inc. ("Google") and its related entities, subsidiaries and agents, in failing to secure and her personal information ("Information") provided to Google, which encompasses her e-mail address, password, debit card number, expiration date, and mailing and billing addresses, in accordance with industry security standards. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's claim under the Electronic Funds Transfer Act ("EFTA") pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over the other state law claims pursuant to 28 U .S.C. §1367, because those other California state law claims arise from the same case and controversy as the EFTA Claim.

3. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) and 1441(a) because the events giving rise to Plaintiff's causes of action against Google occurred within the

State of California and the County of Fresno, as Plaintiff resides in Madera, California and within this judicial district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the County of Orange, State of California.

5. Plaintiff is informed and believes, and thereon alleges, that Google is, and at all times mentioned herein was, a co rporation incorporated in the State of Delaware, with its principal place of business in the Mountain View, California.

6. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Google conducted business in the State of California.

## FACTUAL ALLEGATIONS

7. On or about March 20, 2013, Plaintiff activated her new Smartphone supported by an Android software operating system. After powering on her phone, Plaintiff was asked to provide a Google e-mail address or sign on using a Google e-mail address; she signed on using her prior Google e-mail address. Subsequently, the Android operating system prompted Plaintiff to provide payment information in order for her to receive updates regarding her phone. Plaintiff complied by providing the debit/banking information for her checking account with Bank of America.

**3**
**COMPLAINT**

8.  Shortly thereafter, upon attempting to upgrade a trial version game she had downloaded on Playstore to a full version, Plaintiff opened the game on her Smartphone and pressed the appropriate button to upgrade the game. At no point prior to or during the upgrade was Plaintiff asked to provide her Information; nor did she. Further, nor had Plaintiff previously provided her Information to the Playstore.

9.  In or around August of 2014, upon attempting to recover another application she had purchased in 2013, for downloading onto a second phone, Plaintiff logged on to her Google account through her computer, and was notified through her Google dashboard that there were one-hundred and nine (109) transactions on her account. Upon clicking on the appropriate tab on Google's website, Plaintiff was shocked to find approximately six-hundred and fifty (650) listed transactions, the majority of which were unrecognizable to Plaintiff, and certainly not transactions conducted by Plaintiff.

10. Plaintiff questioned Google about the issue, and advised them that there were many transactions posted on her account that did not belong to her, only to be redundantly advised that the transactions at issue belong to her. Unfortunately, Plaintiff was able to cross-reference her bank records and determine that said transactions had been posted to her account from approximately April 15, 2013 through May of 2014, with thousands of dollars of her money being debited.

11. Both Bank of America and Google asked that Plaintiff submit to them, police reports, which she did. Yet, neither entity initially responded by agreeing to refund the monies fraudulently taken from Plaintiff.

12. Plaintiff investigated the issue herself, by speaking with the vendors listed on the transactions that she purportedly entered into. Almost everyone vendor that cooperated with Plaintiff advised her the same thing: they could not identify the transaction numbers as part of their billing and the transactions cited by Plaintiff are Google transactions under which Google is receiving monies.

13. Plaintiff relayed her findings to Google, at which point, Google finally acknowledged that she clearly did not effectuate the transactions. Even at that point, however, Google refused to reimburse Plaintiff the monies taken from her.

14. After Plaintiff repeatedly complained and advised Google of her findings, Google's legal department contacted Plaintiff and advised her that all transactions would be reimbursed.

15. To date, all transactions unauthorized by Plaintiff have not been reimbursed and notably, some transactions previously identified as fraudulent have been erased from Plaintiff's account.

///

///

**5**
**COMPLAINT**

16. Plaintiff did not publish or otherwise publicly disclose her Information; nor did she authorize the hundreds of transactions conducted through Google Playstore that resulted in thousands of dollars being taken from her bank account.

17. Plaintiff is informed and believes that security vulnerability in Playstore allowed hackers to obtain her Information and subsequently post fraudulent transactions on Plaintiff's account.

18. Hackers could not have accessed the Information but for Google's negligence.

19. Google failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

20. Google knew or should have known that its systems for processing and/or Plaintiff's debit card information were not secure and left the Information of Plaintiff vulnerable to theft.

21. Google recklessly, or as a matter of gross negligence, failed to provide reasonable and adequate security measures to ensure that Plaintiff's Information not be compromised.

22. Additionally, Google failed to timely notify Plaintiff of the security breach, as required by law.

///

///

**6**
**COMPLAINT**

23. Plaintiff and has all suffered irreparable harm and monetary damages as a result of Google's unlawful and wrongful conduct heretofore described.

24. The compromised Information, is "as good as gold" to identity thieves, per the view of the Federal Trade Commission ("FTC").[1]   According to the FTC, identity theft occurs when someone uses another's personal identifying information, such as that person's name, address, credit card number, credit card expiration dates, and other information, without permission, to commit fraud or other crimes.[2] The FTC estimates that as many as 9 million Americans have their identities stolen each year.[3]

25. Identity thieves can use identifying data to open new financial accounts and incur charges in another person's name, take out loans in another person's name, incur charges on existing accounts, or clone ATM, debit, or credit cards.[4]

26. Identity thieves can use personal information such as that pertaining to Plaintiff, which Google failed to keep secure, to perpetrate a variety of crimes that do not cause financial loss but nonetheless harm the victims.

///

///

///

---

[1] FTC, *About Identity Theft,* available at
http://www.ftc.gov/bcp/edu/microsites/idtheft/consumers/about-identitytheft.html (last accessed Jan. 6, 2014).
[2] *Id.*

**7**
**COMPLAINT**

# FIRST CAUSE OF ACTION

## VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT (15 U.S.C. §1693 ET SEQ.)

27. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

28. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

29. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

30. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as

---

[3] *Id.*
[4] *Id.*

such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

31. In multiple instances, purportedly on behalf of merchants, debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

32. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e (a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## SECOND CAUSE OF ACTION

**VIOLATIONS OF CALIFORNIA UNFAIR COMPETITION LAW**

**CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *et seq.***

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

///

///

34. Google's failure to timely disclose information concerning the security breach directly and promptly impacted Plaintiff and constitutes a fraudulent act or practice in violation of California Business & Professions Code section 17200 *et seq.*

35. Google's acts, practices, and omissions detailed above constitute unlawful, unfair and/or fraudulent business practices and acts, within the meaning of California Business & Professions Code § 17200 et seq.

36. Google's acts, practices, and omissions detailed above constitute fraudulent practices because are likely to deceive a reasonable consumer such as Plaintiff into believing that Google will take proper measures to secure Plaintiff's Information.  ,

37. Google's acts, practices, and omissions detailed above, constitute unlawful practices and/or acts as they constitute violations of numerous provisions of California law, including but not limited to Cal. Civ. Code § 1798.80 *et seq.* and the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*

38. Google has committed all of the aforesaid acts of infringement deliberately, willfully, maliciously and oppressively, without regard to Plaintiff's legal rights.  As a direct and proximate result of Google's unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff and has suffered injury in fact and lost money and property, including but not limited to unreimbursed

losses stemming from identity theft as well as unreimbursed expenses and/or time spent on credit-monitoring and identity theft insurance; time spent scrutinizing bank statements, credit-card statements, and credit reports; missed wages; late payments on bills;; expenses and/or time spent initiating fraud alerts; and the diminished value of the services she received.  Plaintiff has e suffered and will continue to suffer other forms of injury and/or harm including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

39. Pursuant to California Business & Professions Code § 17203, Plaintiff seeks an order of this Court prohibiting Google from engaging in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and/or ordering Google to perform its obligations under the law.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Google came into possession of the Information and thus had a duty to exercise reasonable care in safeguarding and protecting the Information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

42. Moreover, Google had a duty to timely disclose that Information within its

possession had been compromised.

43. Google had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Information.

44. Google, through its actions and/or omissions, unlawfully breached its duty to Plaintiff by failing to exercise reasonable care in protecting and safeguarding said the Information, which in fact was within its possession.

45. Google, through its actions and/or omissions, unlawfully breached its duty to Plaintiff to exercise reasonable care by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's Information.

46. Google, through its actions and/or omissions, unlawfully breached its duty to timely disclose to Plaintiff that her Information had been compromised.

47. Google's negligent and wrongful breach of its duties owed to Plaintiff proximately caused Plaintiff's Information to be compromised.

48. As a direct and proximate cause of Google's failure to exercise reasonable care and use commercially reasonable security measures its databases were accessed without authorization and the Information was compromised and exposed to unauthorized access.

49. As a f urther direct and proximate cause of Google's failure to exercise reasonable care as described herein, Plaintiff has suffered economic and non-economic damages as described above and prayed for below in an amount

according to proof at trial.  Plaintiff is informed and believes and based thereupon alleges that Google will continue to negligently fail to adequately protect her Information.  As a result of Google's conduct, Plaintiff seeks declaratory and injunctive relief, restitution, and compensatory and punitive damages.

50. In failing to secure Plaintiff's Information and promptly notify her of a data breach or loss, as alleged above, Google was guilty of oppression, fraud, or malice, in that Google acted or failed to act with a willful and conscious disregard of Plaintiff's rights.  Plaintiff therefore seeks an award of damages, including punitive damages, in an amount to be proven at trial, on behalf of herself.

## THIRD CAUSE OF ACTION

### NEGLIGENCE PER SE

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. As herein, Google violated various statutes, including EFTA, which requires written pre-authorization prior to an electronics funds transfer.

///

///

53. This statute was intended to protect consumers finances against unauthorized withdrawals and other transactions.

54. As a direct and proximate cause of Google's violation of the foregoing statutes, Plaintiff has suffered injury, including actual identity theft. Moreover, Plaintiff suffered and will continue to suffer actual damages including, but not limited to, expenses and/or time spent on credit-monitoring and identity theft insurance; time spent scrutinizing bank statements, credit-card statements, and credit reports; missed wages; late payments on bills; overdraft charges; expenses and/or time spent initiating fraud alerts; and the diminished value of the services she received. Plaintiff has suffered and will continue to suffer other forms of injury and/or harm including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

55. By engaging in the negligent conduct as alleged above, Google was guilty of oppression, fraud, or malice, in that Google acted or failed to act with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of damages, including punitive damages, in an amount to be proven at trial, on behalf of herself.

///

///

///

# FIFTH CAUSE OF ACTION

## INVASION OF PRIVACY

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The Information was and continues to be private information.  Plaintiff had a legally protected informational privacy interest in the confidential and sensitive information that Google obtained and unlawfully disseminated.

58. Plaintiff had a legally protected autonomy privacy interest regarding her Information without unwanted observation, intrusion, or interference.

59. Plaintiff reasonably expected that her confidential and sensitive information would be kept private.

60. Google's failure to secure and protect Plaintiff's Information resulted in the public disclosure and publication of such private information to third parties, including but not limited to hackers.

61. Dissemination of Plaintiff's Information is not of a legitimate public concern; publicity of her Information would be, is, and will continue to be offensive to Plaintiff.

62. Google's wrongful actions and/or inaction as described above constituted and continue to constitute a serious invasion of the privacy of Plaintiff.

///

63. Plaintiff was and continues to be damaged as a direct and/or proximate result of Google's invasion of their privacy by publicly disclosing the Information, in the form of, *inter alia*, actual monetary losses, expenses for credit-monitoring and identity-theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm, for which they are entitled to compensation.

64. In violating the privacy of Plaintiff as alleged above, Google was guilty of oppression, fraud, or malice, in that Google acted or failed to act with a willful and conscious disregard of Plaintiff's rights.  Plaintiff therefore seeks an award of damages, including punitive damages, in an amount to be proven at trial, on behalf of herself.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA DATA BREACH ACT, CAL

## CIV. CODE § 1798.80, *et seq.*

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. The data breach constituted a " breach  of  the  security  system" of Google pursuant to California Civil Code § 1798.82(g).

67. Google recklessly,  or  as  a  matter  of  gross  negligence,  failed  to  provide reasonable and adequate security measures.

**16**
**COMPLAINT**

68. Google unreasonably delayed informing Plaintiff about the security breach of the Information after Google knew of the breach.

69. Google failed to disclose to Plaintiff, in the most expedient time possible, the breach of security of her Information after Google knew of the breach.

70. As a result of Google's violation of California Civil Code § 1798.82, Plaintiff suffered economic and non-economic damages, as alleged above.

71. Plaintiff seeks all remedies available under California Civil Code § 1798.84.

72. By violating California Civil Code § 1798.80 *et seq.* as alleged above, Google was guilty of oppression, fraud, or malice, in that Google acted or failed to act with a willful and conscious disregard of Plaintiff's rights.  Plaintiff therefore seeks an award of damages, including punitive damages, in an amount to be proven at trial, on behalf of herself.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Google:

a.  Injunctive relief prohibiting Google from engaging in such conduct as alleged herein in the future;

b.  Actual, statutory and/or punitive damages;

c.  Restitution, or any other equitable relief the Court may deem just and proper;

**17**
**COMPLAINT**

d.  Pre-judgment and post-judgment interest;

e.  Reasonable attorneys' fees and costs of the suit, including expert witness fees; and

f.  For prejudgment interest at the legal rate

g.  Any other relief the Court may deem just and proper.

<u>TRIAL BY JURY</u>

Plaintiff hereby demands a jury trial on all issues so triable.


Dated: April 15, 3015

Respectfully Submitted,

**LAW OFFICES OF TODD M. FRIEDMAN, P.C**

By: <u>/s/Todd M. Friedman</u>
Todd M. Friedman
Suren N. Weerasuriya
Adrian R. Bacon

**18**
**COMPLAINT**